IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARLA ZASTROW, REBECCA
BOE, and REGINA LEE,

                                        ORDER

               Plaintiff,

                                   09-cv-484-bbc

    v.

LARRY TAFT, in his individual
capacity,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiffs Carla Zastrow, Rebecca Boe and Regina Lee brought this lawsuit against defendant Larry Taft, a state probation agent, and others, alleging that defendant had inflicted unlawful bodily contact on them while supervising them when they were on probation for state crimes.  The parties stipulated to dismissal of the other defendants, leaving only Taft, who failed to appear or file an answer to the complaint.  Plaintiffs moved for entry of default, which was granted by the clerk of court on November 13, 2009.

       A hearing on plaintiffs' motion for default judgment was held on December 29, 2009. Plaintiffs Zastrow and Boe appeared in person; plaintiff Lee was unable to attend because of transportation problems.  She has since filed an affidavit, in which she avers that she was

1

supervised by defendant, that he saw her frequently, that when she was in his office, he would sit beside her and hold her hands while talking to her and that when their session was over, he would stand against her body, wrap his arms around her and run his hands up and down the side of her stomach and chest, pausing with his hands on the sides of her breasts, and then run his hands low on her back and onto the tops of her buttocks. She avers that he subjected her to the same types of unwanted touching when he visited her in the jail, although she never gave her consent to such touching. When she was scheduled for a meeting with defendant, she would feel ill in advance as she anticipated his unwanted touching.

At the hearing, plaintiffs Zastrow and Boe testified to unwanted sexual touching by defendant while he was supervising them. They described in detail the psychological effect upon them of being treated in this manner by a public official who had the authority to revoke their probationary status or make their terms more difficult. These effects were strongest while the abuse was ongoing but it has not dissipated entirely. Plaintiffs continue to suffer mentally and emotionally as a result of defendant's assaults, even now that he has been charged, convicted and imprisoned for those assaults.

At the conclusion of the hearing, I determined that plaintiffs Zastrow and Boe were entitled to awards of compensatory damages of $100,000 each for the psychological damage they had suffered and to separate awards of $50,000 each for punitive damages, to deter

defendant from engaging in similar criminal activity in the future. Defendant's conduct was willful and intentional and directed toward vulnerable victims. It was evident to me that these plaintiffs had suffered serious and continuing emotional pain, distress and suffering as a result of defendant's assumption that he could touch them in a sexual and inappropriate manner without retaliation because of the power he held over them. Their descriptions of the effects upon their lives, their families and their own well being were vivid and persuasive.

Plaintiffs produced no medical evidence in support of their claims. Nevertheless, I believe that both awards are appropriate. Henderson v. Cooper, No. 09-1375, slip op. at 10 (7th Cir. Dec. 21, 2009) (approving jury instruction to effect that compensatory damages can apply to damages such as pain and suffering, mental anguish, discomfort and loss of enjoyment of life despite lack of expert medical evidence).

As to Lee, however, she neither described the same level of physical and mental distress as the other two plaintiffs nor averred that her emotional suffering continued beyond the time she was supervised by defendant, with the exception of having to testify at his criminal trial. I am persuaded that an award of compensatory damages of $10,000 is proportionate to the pain, suffering and distress she incurred and that an award of punitive damages of $50,000 is proper for the same reasons it is proper for the other two plaintiffs.

ORDER

IT IS ORDERED that the motion of plaintiffs Carla Zastrow, Rebecca Boe and Regina Lee for default judgment against defendant Larry Taft is GRANTED. The clerk of court is directed to enter judgment in favor of plaintiffs Zastrow and Boe in the amount of $100,000 for compensatory damages and $50,000 for punitive damages and in favor of plaintiff Lee in the amount of $10,000 for compensatory damages and $50,000 for punitive damages and close this case.

Entered this 14th day of January, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge